UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PETER LUEBKE,
individually and on behalf of
all others similarly situated,

      Plaintiff,                                CASE NO. 17-CV-969

      v.

WISCONSIN ELECTRIC POWER COMPANY
d/b/a WE ENERGIES,

      Defendant.

## PLAINTIFF'S FIRST AMENDED
## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    Individual and Representative Plaintiff Peter Luebke brings this action, on his own behalf and on behalf of the members of the proposed classes identified below. Plaintiff Luebke and the putative class members are or were employed as Shift Electricians by Defendant Wisconsin Electric Power Company d/b/a We Energies and were denied overtime wages under illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. Under these policies and practices, Plaintiff Luebke and the putative class members were not paid at the agreed upon rate for all hours worked and a rate of one and one-half times their respective regular rates for all hours worked over forty in a workweek. Plaintiff Luebke and

the putative class members are similarly situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

2. Plaintiff Luebke brings this action, individually and on behalf of all others similarly situated, pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. In addition, Plaintiff Luebke brings this action, individually and on behalf of all other similarly situated, pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.,* 103.01 *et seq.,* Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, unpaid agreed upon wages, back pay, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Defendant Wisconsin Electric Power Company d/b/a We Energies' willful failure to compensate Plaintiff Luebke and the putative class members for all hours worked over forty hours in a workweek at an overtime premium pay rate violates the FLSA and Wisconsin state law. Defendant Wisconsin Electric Power Company d/b/a We Energies' willful failure to compensate Plaintiff Luebke and the putative class members for all hours worked at their respective, agreed-upon pay rates violates Wisconsin state law.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Wisconsin Electric Power Company d/b/a We Energies has substantial and systematic contacts in this District.

## PARTIES

7. Defendant Wisconsin Electric Power Company d/b/a We Energies is a Wisconsin Company with its principal office located in Milwaukee, Wisconsin. Wisconsin Electric Power Company d/b/a We Energies' registered agent for service of process in the State of Wisconsin is Corporate Creations Network, Inc. located in Appleton, Wisconsin.

8. Defendant Wisconsin Electric Power Company d/b/a We Energies ("We Energies") provides electric services to customers in Wisconsin and Michigan's Upper Peninsula.

9. Plaintiff Peter Luebke is an adult resident of Sawyer County in the State of Wisconsin who was formerly employed as a Shift Electrician by We Energies during the statutory period. Plaintiff Luebke's consent form is attached hereto as Exhibit A and is made a part of this Complaint.

10. Plaintiff Luebke brings this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Class** is defined as follows:

> All persons who are or have been employed as hourly employees in the role of Shift Electricians by We Energies at any time since July 14, 2014.

11. Plaintiff Luebke brings this action individually and on behalf of the Wisconsin Rule 23 Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rule 23 Class** is defined as follows:

> All persons who are or have been employed as hourly employees in the role of Shift Electricians by We Energies at any time since July 14, 2015.

12. The FLSA Collective Class and Wisconsin Rule 23 Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

13. We Energies provides electric services to customers in portions of Wisconsin and Michigan's Upper Peninsula. We Energies also serves natural gas customers in Wisconsin and steam customers in downtown Milwaukee.

14. We Energies staffs shift electricians in twenty-four hour shifts for plant operations.

4

15. Shift Electricians provide twenty-four hour support in power plants and trouble shoot problems to ensure continual production needs are met for We Energies' customers.

16. Plaintiff Luebke and the Classes work or have worked for We Energies as Shift Electricians since July 14, 2014.

17. Since July 14, 2014, Plaintiff Luebke and the Classes have been or were employed by We Energies as hourly employees.

18. Since July 14, 2014, We Energies has agreed to compensate Luebke and the Classes at hourly rates for each hour of work performed for We Energies.

19. Since July 14, 2014, We Energies has required Plaintiff Luebke and the Classes to attend pre-shift turnover meetings.

20. Since July 14, 2014, the pre-shift turnover meetings have been designated, mandatory meetings wherein the prior Shift Electrician provides in depth details of all emergencies that occurred during the shift, which jobs have been completed, and what jobs need to be finished by the incoming Shift Electrician. These pre-shift turnover meetings have allowed the next shift to pick up where the previous shift ended rather than having to start from the very beginning and re-do work which has already been completed.

21. Since July 14, 2014, the pre-shift turnover meetings have been integral and indispensable to the principal activities that Plaintiff Luebke and the Classes were employed to perform.

5

22. Since July 14, 2014, the pre-shift turnover meetings have been an intrinsic element of the Shift Electrician's principal activities because they allow the prior Shift Electrician to convey detailed technical information needed by the incoming Shift Electrician that is necessary to keep the plant up and running such that Shift Electricians would not be able perform their principal activities without the pre-shift meeting

23. Since July 14, 2014, the pre-shift turnover meetings have been directly related to and necessary to the performance of the work that Shift Electricians perform.

24. Since July 14, 2014, We Energies has suffered and permitted Plaintiff Luebke and the Classes to attend pre-shift turnover meetings, but has not allowed Plaintiff Luebke and the Classes to clock in to receive payment for pre-shift turnover meetings.

25. Since July 14, 2014, Plaintiff Luebke and the Classes have worked in excess of forty hours in various workweeks.

26. Since July 14, 2014, We Energies has maintained a practice of refusing to pay Plaintiff Luebke and the Classes for the pre-shift turnover meeting hours.

27. As a result of We Energies' pay practices since July 14, 2014, We Energies has failed to pay Plaintiff Luebke and the Classes for all hours worked, including overtime premium pay compensation for hours worked over forty in a given workweek and/or agreed-upon wage compensation for all hours worked.

28. Upon information and belief, We Energies has willfully refused to pay Plaintiff Luebke and the Classes for pre-shift meeting hours despite having knowledge that such Plaintiff Luebke and the Classes have participated in such meetings since July 14, 2014.

29. As a result of We Energies' practices since July 14, 2014, We Energies has not maintained and does not maintain accurate time records documenting all of the hours worked by Plaintiff Luebke and the Classes, including the number of hours worked each day as a result of these pre-shift turnover meetings.

30. We Energies' conduct, as set forth in this complaint, is willful and in bad faith, and has caused significant damages to Plaintiff Luebke and the Classes.

## COLLECTIVE ACTIONS UNDER THE FLSA

31. Plaintiff Luebke and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to We Energies' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them at a rate of one and one-half times their respective regular rates for hours worked in excess of forty in a given workweek. The claims of Plaintiff Luebke stated herein are the same as those of the FLSA Collective Class.

32. Plaintiff Luebke and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, We Energies' practice of failing to accurately record all hours worked and failing to pay employees for all

hours worked in excess of forty hours in a given workweek at each respective class member's overtime premium rate.

33. The FLSA Section 216(b) FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from We Energies. Notice can be provided to the FLSA Collective Class via first class mail to the last address known to We Energies and through posting at We Energies' facilities in areas where postings are normally made.

### RULE 23 CLASS ALLEGATIONS – WISCONSIN LAW

34. Plaintiff Luebke brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rule 23 Class for violations occurring on or after the date that is two years prior to the filing of the complaint in this case (the "Wisconsin Class Period").

35. The proposed Wisconsin Rule 23 Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of We Energies, upon information and belief, there are at least forty members in the Wisconsin Rule 23 Class.

36. Plaintiff Luebke's claims are typical of those claims that could be alleged by any member of the Wisconsin Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rule 23

Class in separate actions. The alleged claims arise out of the same corporate practice of We Energies and We Energies benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rule 23 Class. Luebke and the other members of the Wisconsin Rule 23 Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

37. Luebke is able to fairly and adequately protect the interests of the Wisconsin Rule 23 Class and has no interests antagonistic to the Wisconsin Rule 23 Class.

38. There are questions of fact and law common to the Wisconsin Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from We Energies' actions include, without limitation, the following:

a) Whether We Energies' policy and/or practice of failing to keep accurate records of the hours worked by their Shift Electricians in Wisconsin violates Wisconsin law;

b) Whether We Energies' policy and/or practice of suffering and permitting its hourly Shift Electricians in Wisconsin to attend pre-shift turnover meetings without paying those employees for those hours at either agreed-upon rates or at a rate of one and one-half times their respective regular rates all hours worked in excess of forty violates Wisconsin law; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

39. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a large and wealthy, corporate defendant, particularly those with relatively small claims.

40. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime

41. Plaintiff Luebke, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

42. Since July 14, 2014, Luebke and the FLSA Collective Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

43. Since July 14, 2014, We Energies has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

44. Since July 14, 2014, Wisconsin Electric Power Company d/b/a We Energies has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)

45. At times since July 14, 2014, Plaintiff Luebke and the FLSA Collective Class members have been employees within the meaning of 29 U.S.C. § 203(e).

46. At times since July 14, 2014, We Energies has been an employer of Plaintiff Luebke and the FLSA Collective Class as provided under the FLSA.

47. We Energies violated the FLSA by failing to account for and compensate Plaintiff Luebke and the FLSA Collective Class for overtime compensation for each hour worked.

48. Plaintiff Luebke and the FLSA Collective Class are entitled to damages equal to mandated overtime premium pay since July 14, 2014, plus periods of equitable tolling because We Energies acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

49. We Energies' failure to properly compensate Plaintiff Luebke and the FLSA Collective Class was willfully perpetrated and Plaintiff Luebke and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid, overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that We Energies did not act willfully in failing to pay overtime premium wages, Plaintiff Luebke and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

51. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Luebke and the FLSA Collective Class shall be entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin law – Unpaid Agreed-Upon and Overtime Wages

52. Plaintiff Luebke, individually and on behalf of the Wisconsin Rule 23 Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

53. While working as Shift Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

54. While working as Shift Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

55. While working as Shift Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

56. While working as Shift Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

57. While working as Shift Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

58. Since July 14, 2015, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

59. Since July 14, 2015, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

60. Since July 14, 2015, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

61. Since July 14, 2015, We Energies has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 272.01 *et seq.*

62. Since July 14, 2015, We Energies has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 274.01 *et seq.*

63. Since July 14, 2015, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

64. Since July 14, 2015, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

65. Since July 14, 2015, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

66. Since July 14, 2015, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

67. Since July 14, 2015, We Energies as employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

68. Since July 14, 2015, We Energies had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of failing to properly pay the Wisconsin Rule 23 Class for all hours worked. Therefore, We Energies has failed to pay the Wisconsin Rule 23 Class agreed-upon wages and overtime compensation in a dilatory or otherwise unjust manner.

69. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

70. The foregoing conduct, as alleged above, constitutes continuing, dilatory or otherwise unjust violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

71. As set forth above, Plaintiff Luebke and the Wisconsin Rule 23 Class have sustained losses in their compensation as a proximate result of We Energies' violations. Accordingly, Plaintiff Luebke, individually and on behalf of the Wisconsin Rule 23 Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring We Energies to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

72. Under Wis. Stat. § 109.011, Luebke and the Wisconsin Rule 23 Class may be entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

73. Luebke, individually and on behalf of the Wisconsin Rule 23 Class, seeks recovery of attorneys' fees and the costs of this action to be paid by We Energies, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Luebke, individually and on behalf of all members of the FLSA Collective Class and the Wisconsin Rule 23 Class requests the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rule 23 Class;

c) An order designating Peter Luebke as the Named Plaintiff and as representative of the Wisconsin Rule 23 Class as set forth herein;

d) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issuance of an Order, pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring We Energies' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

f) An order finding that We Energies violated the FLSA and Wisconsin wage and hour laws;

g) An order finding that these violations were willful and dilatory or otherwise unjust under the FLSA and Wisconsin law;

h) Judgment against We Energies in the amount equal to the Plaintiff's, the FLSA Collective Class', and the Wisconsin Rule 23 Class' unpaid wages at the applicable minimum wage, agreed-upon wage, and/or overtime rates;

i) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

Dated this 11th day of September, 2017.

Respectfully submitted,

s/ *Summer H. Murshid*
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953
Attorneys for the Plaintiff

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email(s):   ljohnson@hq-law.com
            smurshid@hq-law.com
            tmaynard@hq-law.com