PETER LUEBKE,
individually and on behalf of
all others similarly situated,

      Plaintiff,                          CASE NO. 17-CV-969

    v.

WISCONSIN ELECTRIC POWER COMPANY
d/b/a WE ENERGIES,

      Defendant.

## PLAINTIFF'S SECOND AMENDED
## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    Individual and Representative Plaintiff Peter Luebke brings this action, on his own behalf and on behalf of the members of the proposed classes identified below. Plaintiff Luebke and the putative class members are or were employed as Shift Electricians and/or hourly employees by Defendant Wisconsin Electric Power Company d/b/a We Energies and were denied overtime wages under illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. Under these policies and practices, Plaintiff Luebke and the putative class members were not paid at the agreed upon rate for all hours worked and a rate of one and one-half times their respective regular rates for all hours worked over forty in a workweek.

Plaintiff Luebke and the putative class members are similarly situated under FED.
R. CIV. P. 23 and 29 U.S.C. § 216(b).

2.      Plaintiff Luebke brings this action, individually and on behalf of all
others similarly situated, pursuant to the FLSA for purposes of obtaining relief for
unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs,
attorneys' fees, injunctive relief, and/or any such other relief that the Court may
deem appropriate. In addition, Plaintiff Luebke brings this action, individually and
on behalf of all other similarly situated, pursuant to Wisconsin wage and hour laws,
Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.,* 103.01 *et seq.,* Wis. Admin. Code
§§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief
for unpaid overtime compensation, unpaid agreed upon wages, back pay, liquidated
damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such
other relief that the Court may deem appropriate.

3.      Defendant Wisconsin Electric Power Company d/b/a We Energies'
willful failure to compensate Plaintiff Luebke and the putative classes' members for
all hours worked over forty hours in a workweek at an overtime premium pay rate
violates the FLSA and Wisconsin state law. Defendant Wisconsin Electric Power
Company d/b/a We Energies' willful failure to compensate Plaintiff Luebke and the
putative classes' members for all hours worked at their respective, agreed-upon pay
rates violates Wisconsin state law.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Wisconsin Electric Power Company d/b/a We Energies has substantial and systematic contacts in this District.

## PARTIES

7.      Defendant Wisconsin Electric Power Company d/b/a We Energies is a Wisconsin Company with its principal office located in Milwaukee, Wisconsin. Wisconsin Electric Power Company d/b/a We Energies' registered agent for service of process in the State of Wisconsin is Corporate Creations Network, Inc. located in Appleton, Wisconsin.

8.      Defendant Wisconsin Electric Power Company d/b/a We Energies ("We Energies") provides electric services to customers in Wisconsin and Michigan's Upper Peninsula.

9.     Plaintiff Peter Luebke is an adult resident of Sawyer County in the State of Wisconsin who was formerly employed as a Shift Electrician by We Energies during the statutory period. Plaintiff Luebke's consent form was previously filed (ECF No. 1-01) and is made a part of this Complaint.

10.     Plaintiff Luebke brings this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Plant Electrician Class** is defined as follows:

> All persons who are or have been employed in the role of Plant Electricians by We Energies and who have been subject to mandatory pre-shift changeover/turnover requirements by We Energies at any time since July 14, 2014.

11.     Plaintiff Luebke brings this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Hourly Employee Class** is defined as follows:

> All persons who are or have been employed as hourly employees by We Energies and who have been subject to pre-shift changeover/turnover requirements by We Energies at any time since January 29, 2015.

12.     Plaintiff Luebke brings this action individually and on behalf of the Wisconsin Rule 23 Plant Electrician Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rule 23 Plant Electrician Class** is defined as follows:

> All persons who are or have been employed in the role of Plant Electricians by We Energies and who have been subject to mandatory pre-shift changeover/turnover requirements by We Energies at any time since July 14, 2015.

13.     Plaintiff Luebke brings this action individually and on behalf of the Wisconsin Rule 23 Hourly Employee Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rule 23 Hourly Employee Class** is defined as follows:

> All persons who are or have been employed as hourly employees by We Energies and who have been subject to mandatory pre-shift turnover/changeover requirements by We Energies at any time since January 29, 2016.

14.     The FLSA Collective Plant Electrician Class and the FLSA Collective Hourly Employee Class are hereinafter referred to collectively as the "FLSA Collective Classes."

15.     The Wisconsin Rule 23 Plant Electrician Class and the Wisconsin Rule 23 Hourly Employee Class are hereinafter referred to collectively as the "Wisconsin Rule 23 Classes."

16.     The FLSA Collective Plant Electrician Class and the Wisconsin Rule 23 Plant Electrician are hereinafter referred to collectively as the "Plant Electrician Classes."

17.     The FLSA Collective Hourly Employee Class and the Wisconsin Rule 23 Hourly Employee Class are hereinafter referred to collectively as the "Hourly Employee Classes."

18.     The FLSA Collective Plant Electrician Class, the FLSA Collective Hourly Employee Class, the Wisconsin Rule 23 Plant Electrician and the Wisconsin Rule 23 Hourly Employee Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

19.     We Energies provides electric services to customers in portions of Wisconsin and Michigan's Upper Peninsula. We Energies also serves natural gas customers in Wisconsin and steam customers in downtown Milwaukee.

20.     We Energies staffs plant electricians in twenty-four hour shifts for plant operations.

21.     Plant Electricians provide twenty-four hour support in power plants and trouble shoot problems to ensure continual production needs are met for We Energies' customers.

22.     We Energies employs a variety of other individuals on an hourly basis who work in support and operational roles to ensure continual production and operational needs are met for We Energies' customers.

23.     Plaintiff Luebke and the Plant Electrician Classes work or have worked for We Energies since July 14, 2014.

24.     Plaintiff Luebke and the Hourly Employee Classes work or have worked for We Energies since January 29, 2015.

25.     Since July 14, 2014, Plaintiff Luebke and the Plant Electrician Classes have been or were employed by We Energies as hourly employees.

26.     Since January 29, 2015, Plaintiff Luebke and the Hourly Employee Classes have been or were employed by We Energies as hourly employees.

27.     Since July 14, 2014, We Energies has agreed to compensate Luebke and the Plant Electrician Classes at hourly rates for each hour of work performed for We Energies.

28.     Since January 29, 2015, We Energies has agreed to compensate Luebke and the Hourly Employee Classes at hourly rates for each hour of work performed for We Energies.

29.     Since July 14, 2014, We Energies has required Plaintiff Luebke and the Plant Electrician Classes to attend mandatory pre-shift turnover/changeover meetings.

30.     Since January 29, 2015, We Energies has required Plaintiff Luebke and the Hourly Employee Classes to attend mandatory pre-shift turnover/changeover meetings.

31.     Since July 14, 2014, We Energies has required Plaintiff Luebke and the Plant Electrician Classes to perform certain mandatory pre-shift turnover/changeover requirements.

32.     Since January 29, 2015, We Energies has required Plaintiff Luebke and the Hourly Employee Classes to perform certain mandatory pre-shift turnover/changeover requirements.

33.     Since July 14, 2014, the pre-shift turnover/changeover meetings for the Plant Electrician Classes have been designated, mandatory meetings wherein the prior shift's employee(s) provides a variety of information, including but not limited to, in depth details of all emergencies that occurred during the shift, which jobs

have been completed, and what jobs need to be finished by the incoming shift's employee. These mandatory pre-shift turnover/changeover meetings have allowed the next shift to pick up where the previous shift ended rather than having to start from the very beginning and re-do work which has already been completed.

34.     Since January 29, 2015, the pre-shift turnover/changeover meetings for the Hourly Employee Classes have been designated, mandatory meetings wherein the prior shift's employee(s) provides a variety of information, including but not limited to, in depth details of all emergencies that occurred during the shift, which jobs have been completed, and what jobs need to be finished by the incoming shift's employee. These mandatory pre-shift turnover/changeover meetings have allowed the next shift to pick up where the previous shift ended rather than having to start from the very beginning and re-do work which has already been completed.

35.     Since July 14, 2014, the mandatory pre-shift turnover/changeover meetings and the corresponding mandatory pre-shift turnover/changeover requirements have been integral and indispensable to the principal activities that Plaintiff Luebke and the Plant Electrician Classes were employed to perform.

36.     Since January 29, 2015, the mandatory pre-shift turnover/changeover meetings and the corresponding mandatory pre-shift turnover/changeover requirements have been integral and indispensable to the principal activities that Plaintiff Luebke and the Hourly Employee Classes were employed to perform.

37.     Since July 14, 2014, the mandatory pre-shift turnover/changeover meetings and the corresponding mandatory pre-shift turnover/changeover

requirements have been an intrinsic element of the Plant Electrician Classes' principal activities because they allow the prior shift's employees to convey detailed technical information needed by the incoming shift's employees that is necessary to keep the plant in which the individual works up and running such that the Plant Electrician Classes' members would not be able perform their principal activities without attending the mandatory pre-shift turnover/changeover meeting and/or performing the mandatory pre-shift turnover/changeover requirements.

38. Since January 29, 2015, the mandatory pre-shift turnover/changeover meetings and the corresponding mandatory pre-shift turnover/changeover requirements have been an intrinsic element of the Hourly Employee Classes' principal activities because they allow the prior shift's employees to convey detailed technical information needed by the incoming shift's employees that is necessary to keep the plant in which the individual works up and running such that the Hourly Employee Classes' members would not be able perform their principal activities without attending the mandatory pre-shift turnover/changeover meeting and/or performing the mandatory pre-shift turnover/changeover requirements.

39. Since July 14, 2014, the mandatory pre-shift turnover/changeover meetings have been directly related to and necessary to the performance of the work that the Plant Electrician Classes perform.

40. Since January 29, 2015, the mandatory pre-shift turnover/changeover meetings have been directly related to and necessary to the performance of the work that the Hourly Employee Classes perform.

41.     Since July 14, 2014, We Energies has suffered and permitted Plaintiff Luebke and the Plant Electrician Classes to attend mandatory pre-shift turnover/changeover meetings and perform mandatory pre-shift turnover/changeover requirements, but has not allowed Plaintiff Luebke and the Plant Electrician Classes to clock in to receive payment for these mandatory pre-shift turnover/changeover meetings.

42.     Since January 29, 2015, We Energies has suffered and permitted Plaintiff Luebke and the Hourly Employee Classes to attend mandatory pre-shift turnover/changeover meetings and perform mandatory pre-shift turnover/changeover requirements, but has not allowed Plaintiff Luebke and the Hourly Employee Classes to clock in to receive payment for these mandatory pre-shift turnover/changeover meetings.

43.     Since July 14, 2014, Plaintiff Luebke and the Plant Electrician Classes have worked in excess of forty hours in various workweeks.

44.     Since January 29, 2015, Plaintiff Luebke and the Hourly Employee Classes have worked in excess of forty hours in various workweeks.

45.     Since July 14, 2014, We Energies has maintained a practice of refusing to pay Plaintiff Luebke and the Plant Electrician Classes for the mandatory pre-shift turnover/changeover meeting hours as well as hours spent performing mandatory pre-shift turnover/changeover requirements.

46.     Since January 29, 2015, We Energies has maintained a practice of refusing to pay Plaintiff Luebke and the Hourly Employee Classes for the

mandatory pre-shift turnover/changeover meeting hours as well as hours spent performing mandatory pre-shift turnover/changeover requirements.

47. As a result of We Energies' pay practices since July 14, 2014, We Energies has failed to pay Plaintiff Luebke and the Plant Electrician Classes for all hours worked, including overtime premium pay compensation for hours worked over forty in a given workweek and/or agreed-upon wage compensation for all hours worked.

48. As a result of We Energies' pay practices since January 29, 2015, We Energies has failed to pay Plaintiff Luebke and the Hourly Employee Classes for all hours worked, including overtime premium pay compensation for hours worked over forty in a given workweek and/or agreed-upon wage compensation for all hours worked.

49. Upon information and belief, We Energies has willfully refused to pay Plaintiff Luebke and the Plant Electrician Classes for attending mandatory pre-shift turnover/changeover meetings and/or performing mandatory pre-shift turnover/changeover requirements despite having knowledge that Plaintiff Luebke and the Plant Electrician Classes have participated in such meetings and/or performed such work since July 14, 2014.

50. Upon information and belief, We Energies has willfully refused to pay Plaintiff Luebke and the Hourly Employee Classes for attending mandatory pre-shift turnover/changeover meetings and/or performing mandatory pre-shift turnover/changeover requirements despite having knowledge that Plaintiff Luebke

and the Hourly Employee Classes have participated in such meetings and/or performed such work since January 29, 2015.

51.     As a result of We Energies' practices since July 14, 2014, We Energies has not maintained and does not maintain accurate time records documenting all of the hours worked by Plaintiff Luebke and the Plant Electrician Classes, including the number of hours worked each day as a result of these mandatory pre-shift turnover/changeover meetings and/or performing mandatory pre-shift turnover/changeover requirements.

52.     As a result of We Energies' practices since January 29, 2015, We Energies has not maintained and does not maintain accurate time records documenting all of the hours worked by Plaintiff Luebke and the Hourly Employee Classes, including the number of hours worked each day as a result of these pre-shift turnover/changeover meetings and/or performing mandatory pre-shift turnover/changeover requirements.

53.     We Energies' conduct, as set forth in this complaint, is willful and in bad faith, and has caused significant damages to Plaintiff Luebke and the Classes.

## COLLECTIVE ACTIONS UNDER THE FLSA

54.     Plaintiff Luebke and the FLSA Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to We Energies' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them at a rate of one and one-half times their respective regular rates

12

for hours worked in excess of forty in a given workweek. The claims of Plaintiff Luebke stated herein are the same as those of the FLSA Collective Classes.

55.     Plaintiff Luebke and the FLSA Collective Classes seek relief on a collective basis challenging, among other FLSA violations, We Energies' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked in excess of forty hours in a given workweek at each respective class member's overtime premium rate.

56.     The FLSA Section 216(b) FLSA Collective Classes are readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from We Energies. Notice can be provided to the FLSA Collective Classes via first class mail to the last address known to We Energies and through posting at We Energies' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN LAW

57.     Plaintiff Luebke brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rule 23 Classes for violations occurring on or after the date July 14, 2015 (the "Wisconsin Class Period").

58.     The proposed Wisconsin Rule 23 Classes is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are

presently within the sole control of We Energies, upon information and belief, there are at least forty members in each of the Wisconsin Rule 23 Classes.

59. Plaintiff Luebke's claims are typical of those claims that could be alleged by any member of the Wisconsin Rule 23 Classes, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rule 23 Classes in separate actions. The alleged claims arise out of the same corporate practice of We Energies and We Energies benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rule 23 Classes. Luebke and the other members of the Wisconsin Rule 23 Classes sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

60. Luebke is able to fairly and adequately protect the interests of the Wisconsin Rule 23 Classes and has no interests antagonistic to the Wisconsin Rule 23 Classes.

61. There are questions of fact and law common to the Wisconsin Rule 23 Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from We Energies' actions include, without limitation, the following:

a) Whether We Energies' policy and/or practice of failing to keep accurate records of the hours worked by their Plant Electricians and other hourly employees subject to mandatory pre-shift turnover/changeover requirements in Wisconsin violates Wisconsin law;

b) Whether We Energies' policy and/or practice of suffering and permitting its Plant Electricians and hourly employees in Wisconsin to attend mandatory pre-shift turnover/changeover meetings, and/or perform

mandatory pre-shift turnover/changeover requirements, without paying those employees for those hours at either agreed-upon rates or at a rate of one and one-half times their respective regular rates all hours worked in excess of forty violates Wisconsin law; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

62. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy, corporate defendant, particularly those with relatively small claims.

63. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

<u>FIRST CLAIM FOR RELIEF</u>
**Violations of the Fair Labor Standards Act – Unpaid Overtime**

64. Plaintiff Luebke, individually and on behalf of the FLSA Collective Classes, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

65. Since July 14, 2014, Luebke and the FLSA Collective Plant Electrician Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

66.     Since January 29, 2015, Luebke and the FLSA Collective Hourly Employee Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

67.     For the relevant statutory periods, We Energies has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

68.     For the relevant statutory periods, Wisconsin Electric Power Company d/b/a We Energies has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)

69.     At times since July 14, 2014, Plaintiff Luebke and the FLSA Collective Plant Electrician Class' members have been employees within the meaning of 29 U.S.C. § 203(e).

70.     At times since January 29, 2015, Plaintiff Luebke and the FLSA Collective Hourly Employee Class' members have been employees within the meaning of 29 U.S.C. § 203(e).

71.     For the relevant statutory periods, We Energies has been an employer of Plaintiff Luebke and the FLSA Collective Classes as provided under the FLSA.

72.     We Energies violated the FLSA by failing to account for and compensate Plaintiff Luebke and the FLSA Collective Classes for overtime compensation for each hour worked.

73.     Plaintiff Luebke and the FLSA Collective Plant Electrician Class' members are entitled to damages equal to mandated overtime premium pay since

July 14, 2014, plus periods of equitable tolling because We Energies acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

74.    Plaintiff Luebke and the FLSA Collective Hourly Employee Class' members are entitled to damages equal to mandated overtime premium pay since January 29, 2015, plus periods of equitable tolling because We Energies acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

75.    We Energies' failure to properly compensate Plaintiff Luebke, and the FLSA Collective Classes, was willfully perpetrated and Plaintiff Luebke and the FLSA Collective Classes are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid, overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

76.    Alternatively, should the Court find that We Energies did not act willfully in failing to pay overtime premium wages, Plaintiff Luebke and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

77.    Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Luebke and the FLSA Collective Class shall be entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin law – Unpaid Agreed-Upon and Overtime Wages

78.     Plaintiff Luebke, individually and on behalf of the Wisconsin Rule 23 Classes, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

79.     While working as Plant Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Plant Electrician Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

80.     While working for We Energies since January 29, 2016, Plaintiff Luebke and the Wisconsin Rule 23 Hourly Employee Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

81.     While working as Plant Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Plant Electrician Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

82.     While working for We Energies since January 29, 2016, Plaintiff Luebke and the Wisconsin Rule 23 Hourly Employee Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

83.     While working as Plant Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Plant Electrician Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

84. While working for We Energies since January 29, 2016, Plaintiff Luebke and the Wisconsin Rule 23 Hourly Employee Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

85. While working as Plant Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Plant Electrician Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

86. While working for We Energies since January 29, 2016, Plaintiff Luebke and the Wisconsin Rule 23 Hourly Employee Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

87. While working as Plant Electricians since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Plant Electrician Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

88. While working for We Energies since July 14, 2015, Plaintiff Luebke and the Wisconsin Rule 23 Hourly Employee Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

89. For the relevant statutory periods, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

90. For the relevant statutory periods, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

91. For the relevant statutory periods, We Energies has been and continues to be an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

92.     For the relevant statutory periods, We Energies has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 272.01 *et seq.*

93.     For the relevant statutory periods, We Energies has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 274.01 *et seq.*

94.     For the relevant statutory periods, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Classes within the meaning of Wis. Stat. §§ 109.01 *et seq.*

95.     For the relevant statutory periods, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Classes within the meaning of Wis. Stat. §§ 103.001 *et seq.*

96.     For the relevant statutory periods, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Classes within the meaning of Wis. Stat. §§ 104.01 *et seq.*

97.     For the relevant statutory periods, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Classes within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

98.     For the relevant statutory periods, We Energies has employed, and/or continues to employ Plaintiff Luebke and the Wisconsin Rule 23 Classes within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

99.    Since July 14, 2015, We Energies had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of failing to properly pay the Wisconsin Rule 23 Plant Electrician Class for all hours worked. Therefore, We Energies has failed to pay the Wisconsin Rule 23 Plant Electrician Class agreed-upon wages and overtime compensation in a dilatory or otherwise unjust manner.

100.    Since January 29, 2016, We Energies had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of failing to properly pay the Wisconsin Rule 23 Hourly Employee Class for all hours worked. Therefore, We Energies has failed to pay the Wisconsin Rule 23 Hourly Employee Class agreed-upon wages and overtime compensation in a dilatory or otherwise unjust manner.

101.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

102.    The foregoing conduct, as alleged above, constitutes continuing, dilatory or otherwise unjust violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

103.    As set forth above, Plaintiff Luebke and the Wisconsin Rule 23 Classes have sustained losses in their compensation as a proximate result of We Energies' violations. Accordingly, Plaintiff Luebke, individually and on behalf of the Wisconsin Rule 23 Classes, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring We Energies to cease and desist from its

violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

104.    Under Wis. Stat. § 109.011, Luebke and the Wisconsin Rule 23 Classes may be entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

105.    Luebke, individually and on behalf of the Wisconsin Rule 23 Classes, seeks recovery of attorneys' fees and the costs of this action to be paid by We Energies, pursuant to Wisconsin law.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff Luebke, individually and on behalf of all members of the FLSA Collective Classes and the Wisconsin Rule 23 Classes requests the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Collective Classes and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rule 23 Clases;

c) An order designating Peter Luebke as the Named Plaintiff and as representative of the Wisconsin Rule 23 Classes as set forth herein;

d) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issuance of an Order, pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring We Energies' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

f) An order finding that We Energies violated the FLSA and Wisconsin wage and hour laws;

g) An order finding that these violations were willful and dilatory or otherwise unjust under the FLSA and Wisconsin law;

h) Judgment against We Energies in the amount equal to the Plaintiff's, the FLSA Collective Classes', and the Wisconsin Rule 23 Classes' unpaid wages at the applicable minimum wage, agreed-upon wage, and/or overtime rates;

i) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.


Dated this 29th day of January, 2018.


Respectfully submitted,

s/ *Summer H. Murshid*
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953
Attorneys for the Plaintiff

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email(s):    ljohnson@hq-law.com
             smurshid@hq-law.com
             tmaynard@hq-law.com