# Amended Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Peter Luebke ("Luebke"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Wisconsin Electric Power Company d/b/a We Energies ("We Energies") and Wisconsin Public Service Corporation ("WPS"), collectively ("the Companies").

# Recitals

WHEREAS, in a lawsuit captioned *Luebke v. Wisconsin Electric Power Company d/b/a We Energies.,* Case No. 17-CV-969, U.S. District Court, E.D. of Wisconsin (the "Lawsuit"), Luebke alleges that We Energies failed to properly pay him and We Energies' other hourly employees as a result of the uniform policy of requiring attendance at uncompensated pre-shift turnover/changeover meetings.

WHEREAS, the Companies deny the allegations in the Lawsuit and denies any and all liability to the Collective Class and the Rule 23 Class.

WHEREAS, the Companies have provided substantial data and information relevant to Luebke's allegations to Luebke's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties engaged in settlement negotiations through a neutral mediator. Through the mediation and subsequent weeks of negotiations, the Parties were able to reach agreement upon a total settlement fund to provide compensation for the alleged unpaid wages to Luebke, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Luebke and negotiated with the Companies at arm's length throughout this matter to ensure that Luebke, the Collective Class and putative Rule 23 Class are properly compensated for time spent working for We Energies within the relevant statutory periods for each class; .

WHEREAS, this Agreement resolves bona fide disputes involving allegations of overtime compensation owed for participation in mandatory pre-shift changeover/turnover requirements under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §2001, *et al.*, as well as bona fide disputes regarding overtime compensation owed for participation in mandatory pre-shift changeover/turnover requirements under state statutes, local laws and administrative regulations;

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein (the "Settlement").

1

WHEREAS, to effectuate the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation, the Parties submitted an original Settlement Agreement (ECF No. 60-1)[1] on November 2, 2018, which was preliminarily approved on November 8, 2018. (ECF No. 66.)

WHEREAS, the Parties now submit this Amended Settlement Agreement to include an Additional Settlement Fund for distributions to individuals who should be included in the Classes, as described below, but whose time and payroll data was incomplete or missing at the time of preliminary approval, whose damages were calculated and settlement amounts allocated in precisely the same manner as described in the Parties prior submissions to the Court. (ECF Nos. 60-64).

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as specified herein on the following terms:

**I.     General Terms of Settlement**

   A.   The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of settlement from the Court, to effectuate its terms and to cause the Lawsuit to be dismissed with prejudice.

   B.   The Parties agree that this Settlement is fair, adequate and reasonable and will so represent it to the Court.

   C.   For the purpose of Settlement only, the Parties agree to stipulate to two FED.R.CIV.P. 23 classes as defined in Section IV.B., below (the "Rule 23 Classes").

   D.   The Parties agree that the "Collective Plant Electrician Class" shall include all individuals who were employed by We Energies or WPS as Plant Electricians between July 14, 2014 and January 1, 2019, who have been subject to mandatory pre-shift changeover/turnover requirements, who timely returned a consent form during the Court ordered Notice period and whose names appear on Exhibit A.

   E.   The Parties agree that the "Collective Hourly Employee Class" shall include all individuals who were employed by We Energies or WPS as hourly employees between January 29, 2015, and January 1, 2019, and who have been subject to mandatory pre-shift changeover/turnover

---

[1] On November 7, 2018, the Parties filed a Revised Settlement Agreement, pursuant to the Court's request, to correct a grammatical error. (ECF No. 65).

2

requirements, who timely returned a consent form during the Court ordered Notice period and whose names appear on Exhibit A.

F. The Parties agree that the Collective Plant Electrician Class and the Collective Hourly Employee Class shall be referred to hereinafter as the "Collective Classes."

G. In exchange for the Release of Claims and other promises contained herein, the Companies will, in accordance with the manner and timing provided for in Sections III(A)–IV(H), below, make payments to Luebke, the Collective Classes, the Rule 23 Classes, and Luebke's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

H. Luebke understands and acknowledges that, although the Companies are entering into this Agreement and making the payments hereunder, the Companies do not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in the Lawsuit and Section II.A. below, and expressly denies the same.

II. **Release of Claims, Acknowledgments, and Agreement to Cooperate**

A. Luebke's Release of Claims.

Luebke and each of his predecessors, successors, heirs and assigns, in addition to his other legal representatives, hereby and forever completely releases and discharges the "Released Parties" which are defined as Wisconsin Electric Power Company d/b/a We Energies, Wisconsin Public Service Corporation, any of its or their past or present holding companies, parents owners, including but not limited to WEC Energy Group, Integrys Holding, Inc., and any of its or their past or present affiliates, subsidiaries, related companies, partnerships or joint ventures, and, with respect to each of them, their predecessors and successors, and with respect to each such entity, all of their past, present, and future subsidiaries, employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), and any other person acting by, through, under or in concert with any of the persons or entities listed in this paragraph, and their successors, from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between Luebke and the Companies based on any act or omission that occurred up to the date of his execution of this Agreement. Luebke's release of claims against the Released Parties,

3

include but are not limited to: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any other state and/or local law wage claims or common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) the Wisconsin Fair Employment Act; or (13) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action.

B. Rule 23 Plant Electrician Class Members' Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Plant Electrician Class Members, as identified on Exhibit A, will be deemed to have fully released all state or local law statutory or common law claims against the Released Parties for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings, between July 4, 2015 and January 1, 2019. To the extent a Rule 23 Plant Electrician Class Member is not a member of the Collective Plant Electrician Class, he/she shall not release any FLSA claims and shall only be deemed to have released the state and/or local law claims articulated in this paragraph and under the terms of this Agreement.

C. Rule 23 Hourly Employee Class Members' Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Hourly Employee Class Members, as identified on Exhibit A, will be deemed to have fully released all state or local law statutory or common law claims against the Released Parties arising from attendance at mandatory pre-shift changeover/turnover meetings, between January 29, 2016 and January 1, 2019. To the extent a Rule 23 Hourly

4

Employee Class Member is not a member of the Collective Hourly Employee Class, he/she shall not release any FLSA claims and shall only be deemed to have released the state and/or local law claims articulated in this paragraph and under the terms of this Agreement.

D. Collective Plant Electrician Class Members' Release of Claims.

Upon final approval of this Settlement Agreement, all members of the Collective Plant Electrician Class, as identified on Exhibit A, shall be deemed to have fully released all FLSA claims against the Released Parties for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings between July 14, 2014, and January 1, 2019.

E. Collective Hourly Employee Class Members' Release of Claims.

Upon final approval of this Settlement Agreement, all members of the Collective Hourly Employee Class, as identified on Exhibit A, shall be deemed to have fully released all FLSA claims against the Released Parties for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings between January 29, 2015, and January 1, 2019.

F. Acknowledgments and Agreement to Cooperate.

Luebke acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of unpaid overtime, liquidated damages, civil penalties, compensatory and punitive damages, and related legal fees and costs. Luebke further agrees that this Settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with the Companies, inclusive of any claim for liquidated damages, and that the Companies do not owe him any further compensation or any other amounts for work performed during his employment with the Companies. Luebke further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Luebke agrees to direct his Counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with the Companies and its attorneys to seek judicial approval of this Agreement and Settlement, including preparation of court required pleadings.

G. Waiver of Right to Argue Claim Preclusion or *Res Judicata*.

In the event a claim is filed for unpaid overtime arising out of mandatory pre-shift turnover/changeover meetings, the Companies explicitly waive the right to argue claim preclusion or *res judicata* on the basis of this Agreement for any member of the Rule 23 Classes who did not return a consent form, is not a member of one of the Collective Classes, and who has therefore not waived his or her FLSA rights under this Agreement.

### III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, the Companies shall pay $4,236,231.10 (the "Settlement Fund"). This Settlement Fund is inclusive of the Additional Settlement Fund (described below), attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, and a service payment to Luebke. If the Settlement Agreement is not approved by the Court, the Companies will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. Allocation of the Settlement Fund.

1. Service Payment - $25,000.00 of the Settlement Fund shall be allocated as a service payment to Luebke in recognition of his bringing this claim, his insistence that the matter be resolved on class-wide basis, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. The Companies will issue an IRS Form 1099 to Luebke for this service payment.

2. Attorneys' fees - $1,412,077.00 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will move the Court for an award of attorneys' fees and costs by January 22, 2019.

3. Costs – $6,387.39 of the Settlement Fund shall be allocated as costs. Plaintiff's Counsel will move the Court for an award of attorneys' fees and costs by January 22, 2019.

4. Contingency and Ongoing Cost Fund - $40,000.00 of the Settlement Fund shall be held in a reserve fund to address any issues which may arise in the administration of the Settlement and/or pay for additional costs which may arise in the

administration of the Settlement including postage, copying, and skip traces. To allow Defendant sufficient processing time, Plaintiff's counsel will provide to Defendant's counsel, within 14 days of the close of the Notice period, a revised Exhibit A which will include any unused portion from this contingency fund reallocated to the Settlement Fund on a pro-rata basis.

5. Settlement Class and Collective Funds –$2,728,612.70 shall be allocated between two separate funds.

   a. 1099 Penalty Settlement Fund – $968,741.39 of the Settlement Fund shall be allocated to the 1099 Penalty Settlement Fund. Each member of the Rule 23 Classes and the Collective Classes shall receive a pro-rata share of the 1099 Penalty Settlement Fund as set forth in Exhibit A. For tax purposes, this amount shall be treated as liquidated damages and civil penalties for which each Rule 23 Class Member will receive an IRS Form 1099 from the Companies.

   b. The Wage Settlement Fund - $1,759,871.22 of the Settlement Fund shall be allocated to the Wage Settlement Fund. Each member of the Rule 23 Classes and the Collective Classes shall receive a pro-rata share of the Wage Settlement Fund as set forth in Exhibit A. For tax purposes, this amount shall constitute unpaid wages and shall be subject to regular payroll withholdings. The Companies will report this portion of payments made on an IRS Form W2.

6. Additional Settlement Fund - $22,375.99 of the Settlement Fund shall be allocated to the Additional Settlement Fund for individuals who are properly included in the class definitions listed above but whose time and payroll data, on which damages calculations were based, was produced or supplemented after preliminary approval. Individuals entitled to receive compensation from the Additional Settlement Fund shall receive Notice pursuant to Section IV.D. The Additional Settlement Fund shall be allocated as follows:

   a. Additional 1099 Penalty Settlement Fund – $7,938.60 of the Additional Settlement Fund shall be allocated to the 1099 Penalty Settlement Fund. Each member of the Rule 23 Classes and the Collective Classes shall receive a pro-rata share of the 1099 Penalty Settlement Fund as set forth in Exhibit A. For tax purposes, this amount shall be treated as liquidated damages and civil penalties for which each Rule

23 Class Member will receive an IRS Form 1099 from the Companies.

    b. The Additional Wage Settlement Fund - $14,437.38 of the Additional Settlement Fund shall be allocated to the Wage Settlement Fund. Each member of the Rule 23 Classes and the Collective Classes shall receive a pro-rata share of the Wage Settlement Fund as set forth in Exhibit A. For tax purposes, this amount shall constitute unpaid wages and shall be subject to regular payroll withholdings. The Companies will report this portion of payments made on an IRS Form W2.

### IV. Settlement Approval Process

    A.    Interim Stay of Proceeding.

The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Fairness Hearing to be conducted by the Court.

    B.    Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following classes:

> **Rule 23 Plant Electrician Class:** All persons employed by We Energies or WPS as Plant Electricians and who have been subject to mandatory pre-shift changeover/turnover requirements by We Energies or WPS at any time between July 4, 2015, and January 1, 2019, whose names appear on Exhibit A.
>
> **Rule 23 Hourly Employee Class:** All persons who are or have been employed by We Energies or WPS as hourly employees and who have been subject to mandatory pre-shift changeover/turnover requirements by We Energies or WPS at any time between January 29, 2016, and January 1, 2019, whose names appear on Exhibit A.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

8

C.  Initial Preliminary Approval of Settlement Agreement.

The Parties filed with the Court, on November 2, 2018, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. (ECF Nos. 60-64.) Plaintiff's Counsel drafted these documents. A fully executed copy of the original Settlement Agreement was attached to the Motion for approval. The Parties cooperated and took all necessary steps to effectuate judicial approval of the Settlement Agreement. The joint motion requested, and the Court granted, the following relief:

1. Preliminary approval of the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2. Certification of this case as a class action under FED.R.CIV.P. 23 for the Rule 23 Classes;

3. Appointing Peter Luebke as the Classes' Representative;

4. Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

5. A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

6. Approving the Notice in the form of Exhibit B for distribution to all of the Classes' Members;

7. A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

8. A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

9

9. The conducting of a Fairness Hearing on February 12, 2019 to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

10. A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs by January 22, 2019 and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

11. A direction that any member of the Rule 23 Classes who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

(ECF No. 66.)

D. Preliminary Approval of Amended Settlement Agreement.

The Parties shall file with the Court, no later than December 21, 2018, a Joint Motion for Preliminary Approval of the Amended Settlement Agreement, a Proposed Order Approving the Amended Settlement Agreement and the additional Notices, identified as Exhibits E and F to this Settlement Agreement, to be mailed to Class Members entitled to an allocation from the Additional Settlement Fund or to Class Members entitled to additional compensation paid from the Contingency and Ongoing Cost Fund. The Joint Motion shall request the following relief:

1. Preliminary approval of the amended Settlement memorialized in this Amended Settlement Agreement as fair, reasonable, and adequate;

2. Modification of the FED.R.CIV.P. 23 Classes' definitions to conform with Section IV.B of this Amended Settlement Agreement for the Rule 23 Classes;

10

3. A finding that the Notice to be given in the forms of Exhibits E and F constitutes the best notice practicable under the circumstances, including individual notice to the effected Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to effected Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

4. Approving the Notices in the form of Exhibits E and F for distribution to only those Class Members whose data was supplemented or produced after preliminary approval and who are therefore entitled to compensation from the Additional Settlement Fund or the Contingency and Ongoing Cost Fund;

5. A direction that each potential Rule 23 Class Member who receives Exhibit E or Exhibit F and wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Order on Preliminary Approval of the Amended Settlement Agreement;

6. A direction that any Rule 23 Class Member who receives Exhibit E or Exhibit F and has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

7. The conducting of a Fairness Hearing on February 12, 2019 to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

8. A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs by January 22, 2019 and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

9. A direction that any member of the Rule 23 Classes who receives Exhibit E or Exhibit F and who wishes to object in any way to the proposed Settlement Agreement must file and serve such

11

written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

E. Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement or Amended Settlement Agreement must, by the date specified in the Court's Orders Preliminarily Approving the Settlement Agreement or Amended Settlement Agreement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for We Energies.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons the objector intends to call to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

F. Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

G. Fairness hearing.

The Court scheduled a Fairness Hearing to be held on February 12, 2019 at which the Court will: (i) decide whether to certify the

Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

H. Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1. Certifying the Settlement Classes pursuant to FED.R.CIV.P. 23;

2. Approving the Settlement as fair, reasonable, and adequate as it applies to the Collective Classes and the Rule 23 Classes;

3. Appointing Luebke as Class Representative for the Settlement Classes;

4. Appointing Hawks Quindel, S.C. as Class Counsel;

5. Declaring the Settlement Agreement to be binding on the Companies, Luebke, the Collective Classes, as well as all of the Rule 23 Classes' members who have not been excluded;

6. Dismissing with prejudice the Rule 23 Classes members' released state and/or local law claims as defined in Section II.B and II.C;

7. Dismissing without prejudice the claims of the Rule 23 Classes' Members who have properly and timely excluded themselves from the class in full accordance with the procedures set forth in this Settlement Agreement;

8. Dismissing with prejudice the Collective Classes Members' released FLSA claims as defined in Section II.D and II.E;

9. Authorizing the sending of the Notice; and

10. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

I. Settlement Administration.

If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel.

13

The Parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A, as Exhibit A may be amended pursuant to paragraph III(B)(4). Each check will indicate that it is void after one hundred and twenty days from the effective date of the check.

2. Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Classes' Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Classes' Members of their right to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

    If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall within 14 days from receipt of the undeliverable notice, take other appropriate steps to identify proper current addresses for the Classes' Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3. Payment schedule. The Companies shall make payments pursuant to Section III(B) within fourteen days following the Court's Order granting final approval of the Settlement Agreement. The allocation of each payment is provided in Exhibit A as may be amended pursuant to Section III(B)(4). The Companies shall issue separate checks for payment from the Wage Settlement Fund and payment from the 1099 Penalty Settlement Fund, for eligible participants. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members.

4. *Cy Pres*. Any portion of the Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Plaintiffs' counsel shall be void. No later than one hundred fifty (150) days after the date of original mailing of said

14

checks, the Companies shall provide to Plaintiffs' Counsel an accounting of unclaimed and uncashed settlement checks, including the name of the recipient and the amount of the checks not cashed. Seven (7) days after providing the accounting of unclaimed Rule 23 Settlement Funds, the Companies shall mail a check in the amount of the unclaimed Settlement Funds to the Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612, the Companies shall provide to Plaintiffs' counsel a copy of the check upon mailing said check.

## VI. Breach

If the Companies breach this Agreement by failing to make the payment provided herein, the Companies shall have fourteen days, from the date it receives notice of a breach, to cure such a breach. Notice shall be provided via regular and email to:

> Attorney Sean Scullen
> Email: sean.scullen@quarles.com
> Quarles & Brady LLP
> 411 East Wisconsin Avenue
> Suite 2400
> Milwaukee, WI 53202

Failure to cure such a breach will result in the stipulated entry of judgment in the form substantially similar to Exhibit D in an amount of $4,236,231.10 less all settlement amounts paid to date. Plaintiff, the Collective Classes, and/or the Rule 23 Class shall be entitled to recover from the Companies its reasonable attorneys' fees and costs incurred resulting from any breach of this Agreement. The Court shall retain jurisdiction over this matter for this sole purpose. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy. Further, the Companies affirmatively states that neither We Energies nor WPS currently anticipates filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

## VII. No Admission

Nothing in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of the Companies, and the Companies deny any such liability. The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## IX. Construction

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party participated in the drafting of this Settlement Agreement.

## X. Jurisdiction

The Parties request that the Court retain jurisdiction for the sole purpose of enforcing the terms of this Settlement Agreement.

## XI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XII. Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Luebke expressly acknowledges that he is not relying on advice from anyone from the Companies, including the Companies' principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## XIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## XIV. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

|      12/26/2018      | s/ Peter Luebke |
|---|---|
| Dated | Peter Luebke on behalf of himself, the Rule 23 Classes, and the Collective Classes |

|      12/26/2018      | We Energies & Wisconsin Public Service Corporation |
|---|---|
| Dated | |

By: /s/ Tom Metcalfe

Their: Executive Vice President

17

QB\55423147.1

Case 2:17-cv-00969-WED   Filed 12/26/18   Page 17 of 17   Document 68-1