IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN DIVISION

PETER LUEBKE,
individually, and on behalf of
all others similarly situated,

    Plaintiff,                    CASE NO. 17-cv-969-WED

   v.

WISCONSIN ELECTRIC POWER COMPANY d/b/a
WE ENERGIES,

    Defendant.

## DECLARATION OF LARRY A. JOHNSON IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

I, Larry A. Johnson, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. I am one of the Attorneys representing the Plaintiffs in this matter.

2. Following We Energies' Answer to the Complaint, Plaintiff sent his first round of discovery and a Fed.R.Civ.P 30(b)(6) Deposition Notice.

3. Class Counsel sent out Notice to putative class members on November 7, 2018.

4. During the 45-day notice period, 22 Plant Electricians filed timely consent forms and affirmatively opted in to the case.

5. During this notice period, We Energies responded to Plaintiff's initial discovery requests and provided time and payroll records for Plant Electricians, as well as other responsive information.

6. In early December 2017, Class Counsel and We Energies' Counsel conferred on whether the Parties would be amenable to discussing settlement.

7. During this second notice period, seventy additional individuals filed timely consent forms and affirmatively opted in to the case.

8. The Parties agreed to engage in mediation and jointly selected Deborah Huade of JAMS to mediate the case on a class and collective basis.

9. While the Parties did not resolve the case during mediation, they were able to reach an agreement on October 15, 2018.

10. Class Counsel mailed the approved notice to the Class on November 22, 2018.

11. January 4, 2019 Class Counsel mailed notice to the twenty-seven members of the Rule 23 Classes.

12. Class Counsel began investigating the claims at issue in this matter in January of 2017.

13. This investigation included speaking with multiple witnesses to confirm the existence of We Energies' class-wide compensation policies and practices that Plaintiffs contend violated the FLSA and Wisconsin wage and hour laws.

14. After six months investigating the claims, Class Counsel filed Plaintiff's Complaint on July 14, 2017.

15. In addition to the efforts described above, Class Counsel engaged in a substantial review and analysis of We Energies' payroll data in anticipation of mediation.

16. In order to engage in productive settlement discussions, the Parties conferred regarding the discovery needed to allow Class Counsel to adequately evaluate the claims of the collective class and putative Rule 23 classes' members.

17. We Energies had previously provided the time and payroll data for Collective Plant Electrician Class.

18. During the months leading up to mediation, We Energies also provided the time and payroll for the Collective Hourly Employee Class.

19. Additionally, We Energies provided time and payroll data for the Rule 23 Plant Electrician Class and the Rule 23 Hourly Employee Class.

20. Upon receipt of the time and payroll data, Class Counsel was able to create a damages model to calculate the amounts owed to the Class Members within the relevant statutory periods.

21. The model allowed for different assumptions regarding the lengths of mandatory pre-shift changeover/turnover requirements, the amount of liquidated damages and the amount of civil penalties.

22. Class Counsel shared the model with We Energies' Counsel on July 10, 2018.

23. Throughout August and September, the Parties worked to understand the opposing side's assumptions and refine the model accordingly in preparation for mediation.

24. In all, pursuant to requests from both the Mediator and We Energies' Counsel, Class Counsel created three separate versions of the model, using a variety of different assumptions, and ran over forty different damages calculations.

25. The Parties also exchanged mediation statements in advance of mediation outlining their differing evaluations of the potential claims in light of the facts and law.

26. On September 27, 2018, the Parties engaged in a full day of mediation but were unable to reach a final resolution.

27. During the subsequent weeks, the Parties engaged in ongoing good-faith, arms-length settlement discussions and were able to reach a resolution in principal on October 15, 2018 to settle this matter on a class-wide basis for $4,200,000.00 inclusive of attorneys' fees of 33.33% of the common fund and costs.

28. The Parties worked diligently to reduce their agreement to writing and finalize the other necessary details for the settlement – including the language in the Notice of Class Action Settlement, finalizing a pro rata allocation of the settlement funds amongst the classes' members, and other documents necessary to memorialize their agreement.

29. After obtaining preliminary approval of the settlement agreement, and during the notice period, Class Counsel fielded numerous calls from Class Members.

30. Class Counsel worked with We Energies' to identify sub-groups of data which were mistakenly omitted from We Energies production.

31. Once produced by We Energies, Class Counsel analyzed the additional payroll data and further negotiated with We Energies' Counsel regarding additional settlement funds.

32. Class Counsel will continute to represent the interests of the Class Members at the fairness hearing and through final payment of the settlement funds, including fielding additional calls from Class Members, and other work necessary to ensure the Class Members' recovery for their claims.

33. Class Counsel seeks an award of fees that represents one-third of the $4,236,231.10 total settlement, a total of $1,412,077.03.

34. This request is exactly what Plaintiff agreed to pay Class Counsel at the outset of representation when the outcome of this matter was still unknown.

35. Further establishing that the market rate for this type of litigation is a contingency fee of 33.33%, plus costs, is that this is the same fee that Class Counsel agrees to represent other clients in class action wage and hour litigation throughout Wisconsin.

36. This case yielded a highly favorable result for Class Members and allowing an average recovery of $3,568.53 to the 793 Class Members.

37. Moreover, 115 Class Members will receive more than $5,000, 19 will receive more than $7,500, and 9 will receive more than $10,000.

38. Finally, despite the requested fee being disclosed in the Class Notice, no Class Member has filed an objection to the settlement agreement, nor has any Class Member excluded him or herself from the settlement.

39. Class Counsel petitions the Court for an award of $6,387.39 in actual costs, including the cost of a single future mailing that will be incurred through administering the settlement and distributing settlement payments.

40. Attached as Exhibit A to this declaration is a true and correct Itemization of Costs incurred in prosecuting Plaintiff's claims.

41. While Class Counsel typically bills clients directly for these costs when clients are paying for legal services on a non-contingent basis, Class Counsel advances these costs in contingent representation in spite of the risk of non-recovery.

42. Class Counsel was careful to incur costs in a manner that assisted in narrowing factual and legal issues throughout the litigation and ultimately allowed Class Counsel to evaluate the Class Members' claims and reach a fair and reasonable resolution in light of the continued risks of litigation, which ultimately benefits the Class Members.

43. Attached to this Declaration are true and correct copies of the following:

> B. *Goodell v. Charter Communs.*, LLC, No. 08-cv-512-bbc, 2010 U.S. Dist. LEXIS 85010, at *4 (W.D. Wis. Aug. 17, 2010);

C. *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at *10 (S.D. Ill. Nov. 22, 2010);

D. *Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 U.S. Dist. LEXIS 73816, at *10 (N.D. Ill. May 1, 2017);

E. *Bonnett v. Universal Metrics, Inc.*, No. 17-cv-1742-NJ, 2018 U.S. Dist. LEXIS 167760, at *2 (E.D. Wis. Sep. 28, 2018)

F. *Pintor v. Hypro, Inc.*, 2018 U.S. Dist. LEXIS 168845, at *3 (E.D. Wis. Oct. 1, 2018);

G. *Pintor v. Fall River Grp., Inc*, No. 17-cv-865-pp, 2018 U.S. Dist. LEXIS 169477, at *2 (E.D. Wis. Oct. 1, 2018)

H. *Brandt v. WSB-Grafton, Inc.*, No. 16-cv-1588-pp, 2017 U.S. Dist. LEXIS 171155, at *2 (E.D. Wis. Oct. 17, 2017)

I. Meetz v. Wisconsin Hospitality Group LLC, 1:16-cv-01313-WCG, ECF No. 194 (October 31, 2018);

J. Ehmann v. Pierce Mfg., 1:16-CV-00247-WCG, ECF Nos. 143, 151 (May 31, 2017);

K. Yu v. Millwood Inc., 2:17-cv-00324-NJ, ECF No. 66 (May 18, 2018);

L. Demeuse v. Community Traffic Control LLC, 2:16-cv-00651-PP, ECF No. 48 (January 11, 2018);

M. Rossman v. A.R.M. Corporation d/b/a/ Comfort Keepers, et al., 1:16-cv-00493-WCG, ECF No. 94 (December 15, 2017);

N. Thompson et al., v. Carma Laboratories, 16-CV-00030-DEJ, ECF No. 31 (E.D. Wis. August 15, 2016);

O. Johannsen v. Lyall Manufacturing WI, Inc., 2:15-cv-00897-DEJ ECF No. 45 (E.D. Wis. September 12, 2016);

P. Johannsen et al., v. Argon Industries, 15-CV-1080-JPS, ECF No. 70 (E.D. Wis. July 15, 2016);

Q. Hanson v. Helgesen Industries, Inc., 2:15-cv-00878-DEJ, ECF No. 112 (E.D. Wis. September 14, 2016);

R. Webb et al., v. Midwestern Wheels Inc., et al., 15-CV-1538, ECF No. 42 (W.D. Wis. July 5, 2016);

S. Ordonez v. Pop Manufacturing, Inc., et al., 15-CV-823-JPS, ECF Nos. 32, 34 (E.D. Wis. October 30, 2015);

T. Nordgren, Evan v. Epic Systems Corp., 3:13-CV-00840-BBC, ECF No. 88 (W.D. Wis. March 20, 2015);

U. Beierle et al., v. BR Metal Technology, 13-CV-01280-CNC, ECF No. 28, 40 (E.D. Wis. June 26, 2014);

V. Williams v. Cargill, 2:09-cv-01006-LA, ECF No. 81 (E.D. Wis. Mar. 23, 2014);

W. Hernandez v. La Fuente Ltd., 13-CV-366-RTR, ECF No. 102 (E.D. Wis. Oct. 15, 2014);

X. Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc., 11-CV-592-WMC, ECF No. 150 (W.D. Wis. Oct. 23, 2013);

Y. Denk v. Pine Ridge Assisted Living et al., 3:11-cv-00210-WMC, ECF No. 81 (W.D. Wis. Aug. 7, 2012).

Dated this 22nd day of January, 2019

s/ Larry A. Johnson<br>Larry A. Johnson