# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER LUEBKE,
individually, and on behalf of
all other similarly situated,

        Plaintiff,

    v.                          Case No. 17-CV-969

WISCONSIN ELECTRIC POWER COMPANY
d/b/a WE ENERGIES,

        Defendant.

## FINAL ORDER APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS, AND APPROVING SERVICE PAYMENT

On February 12, 2019, the court conducted a fairness hearing on the parties' proposed Amended Settlement Agreement. (ECF No. 68-1.) The court previously granted preliminary approval of the Settlement Agreement on November 8, 2018 (ECF No. 66) and granted preliminary approval of the Amended Settlement Agreement on December 28, 2018 (ECF No. 69). At the fairness hearing, the court found that the Amended Settlement Agreement was fair, reasonable, and adequate. The court **GRANTS** plaintiff's unopposed motion for final approval (ECF No. 75) and **ORDERS** as follows:

1. The court **APPROVES** the Amended Settlement Agreement in its entirety, and finds that the Amended Settlement Agreement meets the requirements of federal law, relevant state law, and due process.

2. The court **FINDS** that the settlement terms negotiated by the parties and described in the Amended Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute between the Defendant, Peter Luebke, the certified Rule 23 Plant Electrician Class Members, Rule 23 Hourly Employee Class Members, Collective Plant Electrician Class Members, and Collective Hourly Employee Class Members.

3. The court **CERTIFIES** the Rule 23 Plant Electrician Class, Rule 23 Hourly Employee Class, Collective Plant Electrician Class, and Collective Hourly Employees Class.

4. The court **ORDERS** that Hawks Quindel, S.C. shall serve as Class Counsel for the Rule 23 Plant Electrician Class, Rule 23 Hourly Employee Class, Collective Plant Electrician Class, and Collective Hourly Employee Class.

5. The court **ORDERS** that Peter Luebke shall serve as representative for the certified Rule 23 Plant Electrician Class, Rule 23 Hourly Employee Class, Collective Plant Electrician Class, and Collective Hourly Employee Class.

6. The court **ORDERS** that the Amended Settlement Agreement is binding on the Defendant, Peter Luebke, the certified Rule 23 Plant Electrician Class Members, Rule 23 Hourly Employee Class Members, Collective Plant Electrician Class

Members, and Collective Hourly Employee Class Members who have not excluded themselves.

7. The court **ORDERS** that the clerk shall enter judgment against the Defendant in the total amount of $4,236,231.10, inclusive of attorneys' fees.

8. The court **FINDS** the service award of $25,000.00 to the Named Plaintiff, Peter Luebke, to be fair and reasonable.

9. The court **FINDS** that the plaintiff's request of attorneys' fees in the amount of 33.33% of the common fund, $1,412,077.00, is reasonable. The court further **FINDS** that costs in the amount of $6,387.39 are fair and reasonable. The court **GRANTS** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (ECF No. 70) and **AWARDS** Hawks Quindel, S.C. a total of $1,418,464.39 in fees and costs.

10. As provided in the Amended Settlement Agreement, the court **ORDERS** Defendant to, within fourteen business days of this Order,
    a. Deliver to Hawks Quindel, S.C. checks issued to the Class Members in the amounts provided for in the columns "Updated W2 Payment," "Updated 1099 Payment," and "Service (1099) Payment" in Exhibit A to the Amended Settlement Agreement (ECF No. 68-2); and
    b. Deliver to Hawks Quindel, S.C. $1,418,464.39 for attorneys' fees and costs.

11. The court **DISMISSES** with prejudice and releases:

a. the Rule 23 Plant Electrician Class Members', as identified on Exhibit A to the Amended Settlement Agreement (ECF No. 68-2), state or local law statutory or common law claims against Defendant for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings, between July 4, 2015 and January 1, 2019;

b. the Rule 23 Hourly Employee Class Members', as identified on Exhibit A to the Amended Settlement Agreement (ECF No. 68-2), state or local law statutory or common law claims against Defendant arising from attendance at mandatory pre-shift changeover/turnover meetings, between January 29, 2016 and January 1, 2019;

c. all members of the Collective Plant Electrician Class Members', as identified on Exhibit A to the Amended Settlement Agreement (ECF No. 68-2), FLSA claims against Defendant for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings between July 14, 2014, and January 1, 2019; and

d. all members of the Collective Hourly Employee Class Members', as identified on Exhibit A to the Amended Settlement Agreement (ECF No. 68-2), FLSA claims against Defendant for unpaid overtime arising from attendance at mandatory pre-shift changeover/turnover meetings between January 29, 2015 and January 1, 2019.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 12th day of February, 2019.

                                                  WILLIAM E. DUFFIN
                                                  U.S. Magistrate Judge